647 P.2d 629

Richard ECHOLS and Sandra Echols, husband and wife; Ralph Carranza and Margaret Carranza, husband and wife; Alexander Baxter and Shirley Baxter, husband and wife; Douglas Galbraith and Geri Galbraith, husband and wife, Plaintiffs-Appellants,

v.

BEAUTY BUILT HOMES, INC., a foreign corporation, Defendant-Appellee,

v.

WALKER & LEE OF ARIZONA, INC.; Marguerite Hoover and Charles Hoover, Third Party Defendants-Appellees.

No. 15828.

Supreme Court of Arizona, In Division.

June 21, 1982.

Patten, Montague & Arnett by Wayne C. Arnett, Tempe, for plaintiffs-appellants.

Abrams & Schenk by Kenneth L. Abrams, Phoenix, for defendant-appellee.

McCabe & Polese by James F. Polese, Phoenix, for third party defendant-appellee Walker & Lee of Arizona, Inc.

Jack Cavness, Phoenix, for third party defendants-appellees Marguerite Hoover and Charles Hoover.

CAMERON, Justice.

This is an appeal by the plaintiffs Echols, Carranza, Baxter, and Galbraith from the granting of a motion for summary judgment in favor of defendant Beauty Built Homes, Inc. on the issue of punitive damages, and against the Baxters and Galbraiths on their claims. We have jurisdiction pursuant to A.R.S. § 12–2101(B) and Rule 19(e), Arizona Rules of Civil Appellate Procedure, 17A A.R.S.

The issues to be considered on appeal are:

1. Was it proper to grant summary judgment against the plaintiffs Baxter and Galbraith?

2. Was it proper to conclude, on a motion for summary judgment, that Beauty Built was not liable for punitive damages?

The facts necessary for a determination of these issues, and viewed in a light most favorable to the parties against whom the motion for summary judgment was granted, are as follows. The Tax Reduction Act of 29 March 1975, I.R.C. § 44, provided for a federal tax credit on the purchase of certain new principal residences on which construction had begun before 26 March 1975. I.R.C. § 44(e)(1)(A). The plaintiffs, 4 married couples, each purchased a home in 1975 in a subdivision developed by Beauty Built. Each of the couples dealt with Marguerite or Charles Hoover, sales agents of Walker & Lee of Arizona, a licensed broker firm which staffed the sales office of Beauty Built. Although the details of each transaction differ, the plaintiffs agree that the Hoovers led them to believe that a federal tax credit would be available on the purchase of their homes. Plaintiffs allege that the Hoovers also promised them a certificate that would verify that their homes qualified for the credit. In fact, the homes did not qualify for the credit and the Internal Revenue Service disallowed the credit on the Carranzas' and Echols' tax returns. The tax return of the Baxters, who also claimed the credit, was not challenged. The Galbraiths did not claim the credit.

Plaintiffs contend the actions of the defendants constituted actionable fraud. First, they note that a grading permit was issued by the city for the subdivision on 27 March 1975 and that therefore construction could not have begun before the 26 March 1975 deadline. Secondly, they show that Beauty Built responded to their inquiries by asserting that a revenue ruling had been requested, when, in fact, this was never done. Finally, they allege that the defendants promised them certificates which would verify that the homes qualified for the credit, when in truth defendants had no intention of providing the certificates.

The plaintiffs brought this suit for fraud, breach of contract, and breach of warranty against defendant Beauty Built Homes, Inc. for allegedly fraudulent statements made by defendants in the sale of homes to plaintiffs and sought compensatory and punitive damages.

The trial court ruled that the Baxters and Galbraiths had failed to make a prima facie case of fraud, breach of contract or breach of warranty, and granted defendants' motion for summary judgment as against these two plaintiffs. The court also granted Beauty Built's motion for summary judgment as to the claim for punitive damages. Seeing no just reason for delay, the court ordered that partial summary judgment[1] be entered pursuant to Rule 54(b), Arizona Rules of Civil Procedure, 16 A.R.S. Plaintiffs appeal.

## WAS SUMMARY JUDGMENT PROPER AGAINST THE GALBRAITHS AND THE BAXTERS?

■ A showing of fraud requires (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the right to rely on it; (9) his consequent and proximate injury. *Nielson v. Flashberg*, 101 Ariz. 335, 419 P.2d 514 (1966). Each element must be supported by sufficient evidence. "Fraud may never be established by doubtful, vague, speculative, or inconclusive evidence." *In re McDonnell's Estate*, 65 Ariz. 248, 253, 179 P.2d 238, 241 (1947); *Fridenmaker v. Valley National Bank of Arizona*, 23 Ariz.App. 565, 534 P.2d 1064 (1975).

On a motion for summary judgment, the moving party has the burden of showing the absence of any genuine issue of material fact. Once a prima facie showing for summary judgment has been made, the burden shifts to the party opposing the motion to show that there is an issue of fact and that evidence exists to justify a trial. *National Housing Industries, Inc. v. E. L. Jones Development Co.*, 118 Ariz. 374, 576

P.2d 1374 (App.1978); Rule 56(e), Arizona Rules of Civil Procedure, 16 A.R.S.

### The Galbraiths

■ The Galbraiths initially contracted to purchase a different house than they ultimately bought. Mr. Galbraith testified that as to the first house, he believed they would qualify for the credit. After contracting to purchase the house, the Galbraiths discovered another house in the subdivision and canceled the contract in order to buy the second house, which was admittedly not entitled to a tax credit. The Galbraiths did not claim the credit on their tax returns.

Even if we assume that representations regarding the tax credit were in fact made to them, the Galbraiths have shown nothing to indicate breach of contract or breach of warranty. Neither do we find reliance and detriment, two of the elements of fraud. *In re McDonnell's Estate*, supra. Summary judgment was properly entered against the Galbraiths. *Thunderbird Metallurgical, Inc. v. Arizona Testing Laboratories*, 5 Ariz. App. 48, 423 P.2d 124 (1967); A.R.S. § 44–2330.

### The Baxters

■ When the Baxters purchased their home, they believed that they qualified for the tax credit. Mr. Baxter testified that they could not have afforded to purchase the house without the assurance of the credit, and that Mrs. Hoover expressed no doubt that the house would qualify.

The Baxters claimed the tax credit, and their tax return was not challenged. Because the Baxters' tax credit was not questioned by the Internal Revenue Service, Beauty Built urges that the Baxters were not injured by any representations that might have been made. The Baxters contend, however, that they have been injured

---

1. Beauty Built filed a third party complaint against Walker & Lee of Arizona, a real estate broker employing third party defendants, Charles and Marguerite Hoover, the salespeople who allegedly made the statements. Beauty Built also filed a third party complaint

against Western Surety Co., Walker & Lee's bonding agent, and Mr. and Mrs. Manford Blankenship, Walker & Lee's broker. We do not consider the liabilities of these parties in this opinion.

by the uncertainty and continuing risk that they may be found to have wilfully evaded taxes. Further, they argue they have a moral, if not a legal, obligation to repay the credit.

We agree with the Baxters' position. In reliance upon the representations of the defendants, the Baxters claimed a tax credit to which they were not entitled. Even if a 3 year statute of limitations has passed, as defendants contend, the Baxters may still be subject to other sanctions and penalties by the Internal Revenue Service as the result of this illegal claim. See Exceptions for false returns, Willful attempt to evade taxes, I.R.C. § 6501(c)(1) & (2). Admittedly, the Baxters have as yet suffered no monetary loss as a result of the alleged misrepresentations and it is true, as defendants contend, that the Restatement (2d) of Torts contemplates recovery in fraud actions only for pecuniary loss. See § 525, Liability for Fraudulent Misrepresentation; § 546, Causation in Fact; § 549, Measure of Damages for Fraudulent Misrepresentation, Restatement (2d) of Torts. A tax and penalty might still be assessed. We believe that the Baxters should be allowed to show what pecuniary loss they have sustained as a result of their reliance upon the defendants' misrepresentation as to the tax credit. *Nielson v. Flashberg*, supra; *Lusk Corporation v. Burgess*, 85 Ariz. 90, 332 P.2d 493 (1958); *Peery v. Hansen*, 120 Ariz. 266, 585 P.2d 574 (App.1978). In any event, the extent of the damage they have sustained is a matter for trial and not for summary judgment.

## WAS IT PROPER TO GRANT SUMMARY JUDGMENT IN FAVOR OF BEAUTY BUILT ON THE ISSUE OF PUNITIVE DAMAGES?

█ Plaintiffs also appeal the trial court's order to dismiss their punitive damages claim against Beauty Built. As noted above, there has been at least a prima facie showing of fraud. *Fridenmaker v. Valley National Bank of Arizona*, supra. It does not follow that every case of fraud will support punitive damages. *Nielson v.*

*Flashberg*, supra; *Sellinger v. Freeway Mobile Home Sales, Inc.*, 110 Ariz. 573, 521 P.2d 1119 (1974); *Hunter Contracting Co. v. Sanner Contracting Co.*, 16 Ariz.App. 239, 492 P.2d 735 (1972). The Restatement (2d) of Torts states:

"§ 908 Punitive Damages

"(1) Punitive damages are damages, other than compensatory or nominal damages, awarded against a person to punish him for his outrageous conduct and to deter him and others like him from similar conduct in the future.

"(2) Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. In assessing punitive damages, the trier of fact can properly consider the character of the defendant's act, the nature and extent of the harm to the plaintiff that the defendant caused or intended to cause and the wealth of the defendant." Restatement (2d) of Torts, § 908.

The Comment further delineates when punitive damages are appropriate:

"(b) * * * The conduct must be outrageous, either because the defendant's acts are done with an evil motive or because they are done with reckless indifference to the rights of others. * * *

Punitive damages are not awarded for mere inadvertence, mistake, errors of judgment and the like, which constitute ordinary negligence." § 908, Comment (b), cited with approval in *Nielson v. Flashberg*, supra.

We have stated:

"Punitive damages should be awarded where the conduct of the wrongdoer is wanton, reckless or shows spite or ill-will, (citation omitted), or where there is a reckless indifference to the interests of others. (citation omitted)" *Sellinger v. Freeway Mobile Home Sales, Inc.*, supra, 110 Ariz. at 577, 521 P.2d at 1123.

See also *Fousel v. Ted Walker Mobile Homes, Inc.*, 124 Ariz. 126, 602 P.2d 507 (App.1979); *Salt River Valley Water Users' Ass'n v. Giglio*, 113 Ariz. 190, 549 P.2d 162 (1976).

■ The evidence indicates that Ronald Haarer, the Vice President of Beauty Built, attended sales meetings of Walker & Lee, at which time the tax credits were discussed as inducements for sales of Beauty Built homes. We believe the record shows sufficient evidence of reckless indifference to the interest of the plaintiffs, so that it was an abuse of discretion for the trial court to grant defendants' motion for summary judgment on the issue of punitive damages.

■ Defendant Beauty Built contends further, however, that it is not liable for punitive damages for the conduct of its agents. Although the record is not clear whether the relationship between Beauty Built and Walker & Lee was one of principal and agent or master and servant, the result would be the same. Punitive damages may be assessed against a principal for wrongs committed by its agent if the acts were committed in furtherance of the employer's business and within the scope of the agent's employment. *Western Coach Corp. v. Vaughn*, 9 Ariz.App. 336, 452 P.2d 117 (1969). Similarly, a wanton or grossly negligent servant may subject his master to punitive damages. *Southern Pacific Co. v. Barnes*, 3 Ariz.App. 483, 415 P.2d 579 (1966). In any event, in the instant case these are factual determinations for the trier of fact, not for summary judgment. *Western Coach Corp. v. Vaughn*, supra.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

GORDON, V. C. J., and HAYS, J., concur.