111 F.3d 138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
HAMCO, INC., an Arizona corporation; Carl C. Hamilton;
Catherine Hamilton, Plaintiffs-Appellants,
v.
BANC ONE CORPORATION, an Ohio corporation; Banc One Arizona
Corporation, an Arizona corporation, fka Valley National
Corporation; Bank One, Arizona, N.A., fka Valley National
Bank of Arizona; Mickey Moore, individually; and Dennis
Bourgeois, individually, Defendants-Appellees.
 No. 95-17069.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 8, 1996.
Decided April 9, 1997.
 
 Before: RONEY*, BEEZER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 A personnel agency and its shareholders brought this action against their lending institution alleging that the bank reneged on an oral promise to extend the due date for payment on a promissory note and discriminated against them in refusing to extend additional credit, forcing the agency into bankruptcy. Plaintiffs appeal the dismissal of their Second Amended Complaint based on application of the statute of limitations and failure to state a cause of action pursuant to Federal Rule of Civil Procedure 12(b)(6). We affirm.
 
 
 3
 Plaintiffs, Hamco, Inc., a personnel agency, and Carl and Catherine Hamilton, owners of the agency, (collectively "Hamco"), raise numerous issues on appeal, including: (1) the district court failed to apply general standards applicable to deciding Fed.R.Civ.P. 12(b)(6) motions; (2) limitations imposed by the court unduly restricted plaintiffs' attempt to amend the complaint; (3) the court erred in determining that plaintiffs' contract claims were untimely and unsupported by the facts; (4) the court failed to apply equitable tolling to the claims deemed time-barred; and (5) the court erred in dismissing plaintiffs' RICO claims for failure to state a cause of action. We hold that the complaint on its face does not survive the statute of limitations regarding any claims except the RICO counts. As to RICO, plaintiffs' complaint does not state a cause of action.
 
 
 4
 Carl and Catherine Hamilton started Hamco, Inc. in 1973. The agency placed contract employees, ranging from design engineers to manual laborers, with various firms in the Phoenix, Arizona area. Also in 1973, plaintiffs developed a lending relationship with Banc One, Arizona, N.A. (formerly Valley National Bank of Arizona), in which the bank provided the agency a revolving line of credit. In the mid-1980s, Hamco ran into financial problems and requested that Banc One consolidate Hamco's existing debt into one installment loan with a five-year payout. Hamco defaulted on the note it had signed extending the due date of its loan through the end of May 1990. Banc One accelerated payment and in October 1990 brought an action in state court to recover the amounts due. While that case was pending, Hamco filed for bankruptcy, which ultimately resulted in dismissal of the state court action in August 1991.
 
 
 5
 In March 1994, Hamco filed this civil lawsuit against Banc One and others in district court. The complaint alleged a wide variety of claims, including breach of contact, RICO violations, discriminatory lending practices, civil rights violations, and fraud. Defendants filed a motion to dismiss and before the court ruled on the motion, plaintiffs filed an Amended Complaint. The court dismissed the original complaint because the allegations were either time-barred or failed to state a cause of action, and struck the Amended Complaint, observing that it suffered the same defects as the original. The court granted plaintiffs leave to file a Second Amended Complaint "to try to remedy the defects in those counts not found to be barred by the statute of limitations."
 
 
 6
 Plaintiffs filed a Second Amended Complaint alleging the same assortment of claims, which the court then dismissed with prejudice. This appeal followed.
 
 
 7
 In their Second Amended Complaint, Hamco alleged the following causes of action: Count One, Discriminatory Lending Practices, 15 U.S.C. § 1691; Count Three, Breach of Contract; Breach of Covenant of Good Faith and Fair Dealing,--all of which the district court held barred by the applicable statute of limitations--and Counts Five through Eight, RICO violations per 18 U.S.C. § 1962, which the court dismissed for failure to state a cause of action. Count Two, Fraud, and Count Nine, Negligent Misrepresentation, were both dismissed in part because of the statute of limitations and in part for failure to state a cause of action.
 
 
 8
 We affirm the district court's determination that Hamco's discriminatory lending and civil rights claims were time-barred. Hamco does not dispute that it had no dealings with the bank after June of 1990, nor that they filed suit nearly four years after any conceivable violations. Thus, their discriminatory lending claim is barred by the federal two-year statute of limitations contained in 15 U.S.C. § 1691(f), and their civil rights claim is barred by Arizona's two-year personal injury statute of limitations contained in A.R.S. § 12-542(1). See Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir.1991).
 
 
 9
 We also affirm the district court's dismissal of Hamco's contract and fraud claims. As the basis for its contract claim and one of its fraud allegations, Hamco alleged that it signed a promissory note in the amount of $136,371.56 due and payable May 29, 1990 in reliance upon an oral promise made repeatedly by the bank to consolidate all of Hamco's accounts for payout over a five-year term. Hamco asserts this oral argument was breached on March 30, 1990, the day Hamco executed the promissory note. (Para. 4.3C of Complaint). At the latest, Hamco knew when the bank brought suit on October 17, 1990 that the bank had breached the oral agreements it had made with Hamco and had committed any allegedly fraudulent acts. The statute of limitations for oral contracts is three years. Ariz.Rev.Stat. § 12-543(1); Freeman v. Wilson, 485 P.2d 1161, 1166 (Ariz.1971). The statute of limitations for fraud is three years from the date when the plaintiff knew or should have known of the facts constituting the fraud. A.R.S. § 12-543(3). Thus, Hamco had until October 1993 to bring suit. Since suit was not filed until March 1994, these claims are time-barred.
 
 
 10
 Hamco's other fraud allegation--based on Hamco's claim that the bank fraudulently concealed the existence of a drafted loan agreement--is not time-barred because Hamco did not discover the alleged concealment until 1992. Nevertheless, we agree with the district court that Hamco failed to state a claim for fraud, because it has not alleged that it relied to its detriment on the bank's failure to reveal the existence of the loan document. See Echols v. Beauty Built Homes, Inc., 647 P.2d 629 (Ariz.1982).
 
 
 11
 Finally, we also affirm the district court's dismissal of Hamco's negligent misrepresentation claim. For the reasons discussed above, Hamco was aware that any representations regarding extension of credit were false by October 1990 at the latest. Thus, this claim is barred by Arizona's two-year statute of limitations. See A.R.S. § 12-542; Hall v. Romero, 685 P.2d 759 (Ariz.App.1984).
 
 
 12
 Hamco's contention that the district court should have applied equitable tolling to the claims deemed time-barred is meritless because Hamco failed to explain why it waited from October 1990 to July 1992 to inquire about Banc One's banking procedure; failed to indicate what, if any, material facts that Hamco did not already know, which were revealed by a letter from the bank to the Comptroller, (Para. 3.37 of Complaint); and failed to explain the relevancy, if any, of a protest "led by community activist groups and national organizations, protesting the prior discriminatory lending practices" of the bank. (Para. 3.38 of the Complaint). Regarding fraudulent concealment, plaintiffs have failed to allege any positive acts on the part of defendants to prevent plaintiffs from detecting the facts to support their allegation. Gibson v. United States, 781 F.2d 1334, 1344 (9th Cir.1986). Finally, plaintiffs' estoppel argument fails because they have not offered any facts to show that defendants did anything to induce them not to file suit. Freeman v. Wilson, 485 P.2d 1161, 1166-67 (Ariz.1971).
 
 
 13
 Plaintiffs' allegations under the RICO statute, 18 U.S.C. § 1962(a)-(d), fail to state a cause of action. To state a claim under this statute, plaintiffs must establish a pattern of "racketeering activity." Racketeering activity means (1) any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, or dealing in narcotics or other dangerous drugs, or (2) any act which is indictable under specific sections of Title 128. 18 U.S.C. § 1061. A pattern is established by at least two acts. 18 U.S.C. § 1961(5).
 
 
 14
 The district court correctly analyzed the allegations in Hamco's amended RICO Case Statement, which we review for the purposes of this appeal, and found that the complaint fails to state a cause of action for RICO. On appeal, plaintiffs neither addressed the deficiencies identified by the district court regarding these claims, nor offered this Court any reason for reversing the district court. After careful de novo review of the Second Amended Complaint, we find Hamco's allegations of error to be without merit.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The Honorable Paul H. Roney, United States Circuit Judge for the Eleventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3