Catherine BARON, a single woman,
Plaintiff–Appellant,

v.

State of ARIZONA; Arizona Historical
Society, an Agency of the State of Arizona; Tom Peterson; Anne Woosley,
Defendants–Appellees.

No. 06–15876.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 2008.

Filed March 21, 2008.

Cheri McCracken, Esq., Law Office of Cheri L. McCracken, Phoenix, AZ, for Plaintiff–Appellant.

Rebecca J. Herbst, Esq., AGAZ–Office of the Arizona Attorney General, Phoenix, AZ, for Defendants–Appellees.

Before: THOMPSON and M. SMITH, Circuit Judges, and HAYES,* District Judge.

## MEMORANDUM **

Catherine Baron ("Baron") appeals the district court's dismissal under Fed. R.Civ.P. 12(b)(6) of her claims for fraud, violation of due process, breach of contract, breach of the duty of good faith and fair dealing, wrongful termination, intentional infliction of emotional distress, intentional interference with a business relationship, and defamation/false light. She

---

* The Honorable William Q. Hayes, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

also appeals the district court's summary judgment in favor of the State of Arizona, et al., ("the defendants"), pursuant to Fed. R.Civ.P. 56(c) on her remaining claims under 42 U.S.C. § 2000e2 ("Title VII"), and under 29 U.S.C. § 206(d)(1) ("Equal Pay Act"). Because the parties are familiar with the facts and procedural history we do not include them here, except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

*Claims Dismissed For Failure To State A Claim*

In reviewing a motion to dismiss for failure to state a claim, we accept all allegations of fact in the complaint as true "construing them in the light most favorable to the plaintiffs." *Zimmerman v. City of Oakland,* 255 F.3d 734, 737 (9th Cir.2001). Dismissal is appropriate unless the plaintiff provides "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* —— U.S. ——, 127 S.Ct. 1955, 1987, 167 L.Ed.2d 929 (2007). However, "we are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint," and "[w]e do not ... necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1139 (9th Cir. 2003) (internal citations and internal quotation marks omitted).

1. *Fraud*

Baron argues that she was fraudulently induced to accept employment with the Arizona Historical Society ("AHS"), to move her family to Arizona, and to buy a house there in reliance on indications by the Director of AHS, Mr. Kyle ("Kyle"), that "the Chief Curator, would, in the future, become Curator Emeritus" and at that time, he and others "would like to move her into his position...." [1]

"A showing of fraud requires (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the right to rely on it; (9)[her] consequent and proximate injury." *Echols v. Beauty Built Homes, Inc.,* 132 Ariz. 498, 647 P.2d 629, 631 (1982) (internal citations omitted).

■ Baron was an "original probationary" employee at AHS. Before beginning her work, she signed a document entitled "Original Probationary Employee," which specifically explained that, "during your original probation, you may be released at any time for cause or no cause." [2] Because of the terms of her probationary employment, Baron could not rely on Kyle's representations of his hope for her continued long-term employment. Accordingly, her fraud claim fails and dismissal of that claim was proper.

2. *Due Process*

■ Baron contends the defendants violated her due process rights. We dis-

---

1. Baron appears to have abandoned her fraud claim because it is not argued in her Opening Brief for this appeal. Nonetheless, we address it here.

2. Baron called the district court's attention to the Original Probationary Employee document during oral argument on the defendants' Motion to Dismiss. Baron did not object to the district court's consideration of that document. The district court properly considered it and so do we. *See Kasey v. Molybdenum Corp. of Am.,* 336 F.2d 560, 563 (9th Cir. 1964).

agree. In order to state a claim for a violation of due process, Baron had to show that she had a property interest in continued employment. *McLeod v. Chilton*, 132 Ariz. 9, 643 P.2d 712, 721 (1981) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)). Baron cannot make this showing because, as a probationary "at will" employee, she did not have a "legitimate claim of entitlement" to continued employment. *Roth*, 408 U.S. at 577, 92 S.Ct. 2701. *See also Greenwalt v. Sun West Fire Dist.*, 95 F.Supp.2d 1062, 1069 (D.Ariz.2000), *rev'd on other grounds*, 23 Fed.Appx. 650 (9th Cir.2001); *McLeod*, 643 P.2d at 721.

Baron is also unable to show that her termination violated any liberty interest. *See McLeod*, 643 P.2d at 721 ("[T]he stigma which attaches to the mere fact of dismissal alone, or dismissal where no statement or reasons is given, does not give rise to a liberty claim.") (internal citations omitted).

### 3. *Breach of Contract*

Baron argues that she had an employment contract with the defendants which included "the past pattern [or] practice of her employment[,] all personnel manuals, merit rules, and personnel policies...." She argues that this contract was breached when she "was terminated without the proper policy and procedures or authority, no legitimate business reason, and without any evaluations."

■ The AEPA, A.R.S. § 23–1501(2), specifically states:

The employment relationship is severable at the pleasure of either the employee or employer unless both the employee and the employer have signed a written contract to the contrary.... [If unsigned, the] contract must be set forth in the employment handbook or manual or any similar document distributed to the employee, if that document expresses the intent that it is a contract of employment....

Because Baron signed the Original Probationary Employee document, and because no written document to the contrary existed, her claim for breach of contract fails. As discussed above, the Original Probationary Employee document specifically explained that Baron was a probationary employee, and stated "during your original probation, you may be released at any time for cause or no cause." Her employer was not required to give her a performance evaluation as a condition precedent to her termination. Ariz. Admin. Code. § R2–5–503(B)(3).[3] Dismissal of this claim was proper.

### 4. *Breach of Duty of Good Faith and Fair Dealing*

■ Baron cannot state a claim for breach of the duty of good faith and fair dealing because "there is no general tort for bad faith arising out of the termination of employment contracts recognized under Arizona law," *Fallar v. Compuware Corp.*, 202 F.Supp.2d 1067, 1076 (D.Ariz.2002), and her claim does not fall within one of the four exceptions to that general rule.[4] Dismissal of this claim was proper.

---

**3.** Although section R2–503(B)(3) was added by amendment after Baron was terminated, as the Final Report of Investigation of Baron's case by Arizona Ombudsman–Citizen's Aide points out, the amendment evidences the prior legislative intent that performance evaluations were not to be treated as conditions precedent to an employer's termination of a probationary employee.

**4.** These exceptions are: 1) the employer terminated the employee in breach of a valid, written contract as described in A.R.S. § 23–1501(2); 2) the employer terminated the employee in violation of a statute of the

### 5. *Wrongful Termination*

■ Baron argues that the defendants violated public policy by discriminating against her on the basis of sex. As with Baron's claim for breach of the duty of good faith and fair dealing, this claim for wrongful termination fails because it does not fit into one of the enumerated exceptions to the AEPA's general rule against such claims. *See* A.R.S. § 23–1501(3)(a)–(d).

Baron attempts to rely on the AEPA exception that allows a claim to be filed against an employer if the employee's termination violates a statute of the state of Arizona. *See* A.R.S. § 23–1501(3)(b). Baron is correct that sex discrimination violates the Arizona Civil Rights Act, A.R.S. § 41–1463 ("ACRA"). However, because ACRA provides a remedy for sex discrimination, Baron cannot bring this claim under the AEPA. *See* A.R.S. § 23–1501(3)(b). *See also Fallar,* 202 F.Supp.2d at 1076; *Taylor v. Graham County Chamber of Commerce,* 201 Ariz. 184, 33 P.3d 518, 523 (2001). Dismissal of this claim was appropriate.

### 6. *Intentional Infliction of Emotional Distress*

■ Baron argues that the defendants intentionally caused her emotional distress when they failed to complete reviews and withheld information on her performance. She also argues that the defendants intentionally caused her emotional distress when they "terminated [her] during her probationary period, unjustly compromis-ing her professional standing, placing her character in a false light," and when they refused to provide letters of recommendation and gave credit to others for her work.[5]

"An intentional infliction of emotional distress claim requires proof that the conduct was extreme and outrageous, that the defendant either intended to cause emotional distress or recklessly disregarded the near certainty that such distress would result from his conduct, and that [the plaintiff] suffered severe emotional distress as a result of defendant's conduct." *Tempesta v. Motorola, Inc.,* 92 F.Supp.2d 973, 986–987 (D.Ariz.1999) (internal citations and internal quotation marks omitted). "Arizona courts have refused to allow plaintiffs to prevail in such claims unless defendant's conduct is found to be extraordinary." *Id. See also Mintz v. Bell Atl. Sys. Leasing,* 183 Ariz. 550, 905 P.2d 559, 563 (1995). Because Baron cannot make a showing that the defendant's actions were extraordinary, this claim was properly dismissed.

### 7. *Intentional Interference With a Business Relationship*

To state a claim for intentional interference with a business relationship, Baron was required to show: "(1) the existence of a valid contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferer; (3) intentional interference causing a breach or termination of the

state (only if that statute does not provide a remedy); 3) the employer terminated the employee in retaliation for certain enumerated activities; or 4) "In the case of a public employee, if the employee has a right to continued employment under the United States Constitution, the Arizona Constitution, Arizona Revised Statutes, any applicable regulation, policy, practice, or contract of the state, any subdivision of the state or oth-er public entity, or any ordinance of any political subdivision of the state." A.R.S. § 23–1501(3)(a)–(d). *See also Fallar,* 202 F.Supp.2d at 1076.

5. Baron appears to have abandoned this claim because it was not argued in her opposition to the defendant's motion to dismiss or in her Opening Brief in this appeal. Nonetheless, we address it here.

relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted." *Tempesta,* 92 F.Supp.2d at 988 n. 17.

As an "at will" probationary employee with no written contract modifying that status, Baron cannot establish the first element of this cause of action, "the existence of a valid contract or business expectancy." The defendants were free to terminate her at any time. Accordingly, this claim was properly dismissed.

### 8. *Defamation/False Light*

Baron argues that the defendants put her in a false light when they terminated her during her probationary period. She argues that the termination put her professional expertise and competence in question. Finally, she argues that refusing to provide her a letter of recommendation is retaliatory and "compiles the harm."

■ To state a claim for defamation/false light, Baron is required to show that the defendants "knowingly or recklessly published false information or innuendo about [her] that a reasonable person would find highly offensive." *Cummings v. W. Trial Lawyers Ass'n,* 133 F.Supp.2d 1144, 1158 (D.Ariz.2001) (citing *Hart v. Seven Resorts, Inc.,* 190 Ariz. 272, 947 P.2d 846; 854 (1997)). Baron is unable to make this showing. Terminating an employee during her probationary period, in accordance with applicable law, is not "highly offensive." In addition, there is no evidence that any "false information or innuendo" regarding Baron was published at all. The district court correctly dismissed this claim.

*Claims For Which Summary Judgment Was Granted*

When reviewing summary judgment under Federal Rule of Civil Procedure 56(c), "[w]e must determine, viewing the evidence in the light most favorable to the non-moving party [Baron], whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Olsen v. Idaho State Bd. of Med.,* 363 F.3d 916, 922 (9th Cir.2004). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.,* 210 F.3d 1099, 1102 (9th Cir.2000).

### 1. *Title VII*

■ Baron argues that the defendants violated her rights under Title VII when they paid her less than a similarly situated male, when a less qualified male was put in charge of a particular exhibit, and when she was no longer invited to Senior Staff meetings.

A prima facie showing of discrimination under Title VII required Baron to show that "(1) [she] belonged to a protected class; (2)[she] was qualified for [the] job; (3)[she] was subjected to an adverse employment action; and (4) similarly situated employees not in [her] protected class received more favorable treatment." *Kang v. U. Lim America, Inc.,* 296 F.3d 810, 818 (9th Cir.2002). Baron could have made this showing "through direct evidence of discriminatory intent or a presumption arising from a showing of objective factors...." *Noyes v. Kelly Serv's.,* 488 F.3d 1163, 1168 (9th Cir.2007) (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)).

Even if we draw all reasonable inferences in favor of Baron to find that she has made a prima facie showing of discrimination, her claims fail. The defendants artic-

ulated legitimate business reasons for each of the actions of which Baron complains, and Baron has not "come forward with [any] evidence that tends to show that the employer's proffered motives were not the actual motives...." *Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1222 (9th Cir. 1998) (explaining that "evidence of pretense must be specific and substantial in order to create a triable issue with respect to whether the employer intended to discriminate on the basis of sex.") (internal quotation marks omitted).

Baron also argues the defendants violated Title VII by retaliating against her for her objection to the fact that she was no longer invited to Senior Staff meetings. She asserts they did so by terminating her and refusing to give her letters of recommendation.

In order to state a claim for retaliation under Title VII, Baron first had to show: "(1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal link between her activity and the employment decision." *Stegall v. Citadel Broad. Co.,* 350 F.3d 1061, 1065–1066 (9th Cir.2003). The parties dispute whether Baron made this showing.

Even if we assume Baron made the required prima facie showing, the defendants articulated "legitimate non-discriminatory reason[s] for the adverse employment action." They explained that Baron was no longer invited to Senior Staff meetings because when Woosley took over as executive director, she decided that those meetings would consist only of department heads. Since Baron was not a department head, she was no longer invited to the meetings. The defendants also explained that they fired Baron because "[s]he was not a team player ... [s]he did not take direction well, and she caused dissension. She took credit for displays that the team created...." Finally, the defendants ex-

plained that they declined to write Baron letters of recommendation because, based on the reasons for her termination, they could not have given her a favorable recommendation.

Baron has not, "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence," raised a genuine issue of fact as to whether the defendant's explanation was pretextual. *Id.* at 1068 (citing *Tex. Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)).

The district court did not err in granting summary judgment in favor of the defendants on Baron's Title VII claims.

### 2. *Equal Pay Act*

To establish a prima facie case for a violation of the Equal Pay Act, Baron was required to show that "employees of the opposite sex were paid different wages for equal work." *Stanley v. Univ. of S. Cal.,* 178 F.3d 1069, 1073–1074 (9th Cir.1999). Further, she had to show that the "jobs being compared [were] substantially equal." *Id.* at 1074 (internal citations and internal quotation marks omitted).

Even if Baron were able to show that the jobs were substantially equal, "[a] defendant [in defense of an EPA claim] may rebut a prima facie case by showing that the disparity in pay is a differential based on any ... factor other than sex." *Id.* at 1075 (internal citations and internal quotation marks omitted). The defendants made this showing.

■ Once the defendants demonstrated that the "pay differential was based on a factor other than sex," Baron could still prevail "by showing that [the defendants'] proffered nondiscriminatory reason is a pretext for discrimination." *Id.* at 1076

(internal quotation marks omitted) (citing *Maxwell v. City of Tucson,* 803 F.2d 444, 446 (9th Cir.1986)). Baron bears the burden of "demonstrating a material fact regarding pretext in order to survive summary judgment." *Stanley,* 178 F.3d at 1076. Baron presented no material fact that might show that the defendants' explanation was pretextual.

Summary judgment in favor of the defendants on Baron's EPA claim was proper.

AFFIRMED.