FILED

DEC 10 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM EDWARD NECESSARY and SUZY NECESSARY,<br><br>        Plaintiffs-Appellants,<br><br>  v.<br><br>STATE FARM AUTOMOBILE INSURANCE COMPANY,<br><br>        Defendant-Appellee. | No. 08-16683<br><br>D.C. No. 4:07-cv-00439-RCC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Argued and Submitted October 8, 2009
San Francisco, California

Before: SCHROEDER and BERZON, Circuit Judges, and SHADUR,[**] District
Judge.

William Necessary and his wife Suzy (collectively "Necessary," treated for

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Milton I. Shadur, Senior United States District Judge for the
Northern District of Illinois, sitting by designation.

convenience as a singular noun[1]) appeal the district court's order granting summary judgment against them and in favor of State Farm Mutual Automobile Insurance Company ("State Farm"). We affirm the grant of summary judgment in part and reverse in part, and we remand the case to the district court for proceedings consistent with this memorandum disposition.

## Background

In this appeal Necessary asserts that the district court erred (1) by treating State Farm's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. ("Rule") 12(c) as a Rule 56 motion for summary judgment and (2) by granting summary judgment against him as to his claims grounded in common law fraud and intentional infliction of emotional distress and as to the issue of punitive damages. State Farm contests both those assertions.

We review de novo a district court's grant of summary judgment (*Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004)). Summary judgment is appropriate when, with the evidence viewed in the light most favorable to the

---

[1] William Necessary sustained the personal injuries that gave rise to the underlying litigation described hereafter, as well as to the current litigation. Suzy Necessary's underlying claim was a dependent one for loss of consortium. There is clearly much less awkwardness, and no potential for confusion, involved in focusing on William's situation in this memorandum disposition, even though both spouses have interests to be served here. And the context of the discussion will make it obvious when "Necessary" is used to refer to William alone rather than to the couple.

non-moving party, there are no genuine issues of material fact, so that the movant is entitled to a judgment as a matter of law (*id.*). We review a district court's conversion of a motion to dismiss to a motion for summary judgment for abuse of discretion (*Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)).

Necessary's claims against State Farm arise out of an automobile-motorcycle collision on September 22, 2004 involving Necessary and another driver, Esther Hofmann. At the time of the collision Esther Hofmann and her husband Dexter (collectively "Hofmanns") carried automobile liability insurance through State Farm. Necessary negotiated with State Farm for settlement of his claim against the Hofmanns, and State Farm initially offered to settle for $100,000, which it said was the liability limit for the Hofmanns' policy. Necessary declined the offer and filed a personal injury action against the Hofmanns in Arizona state court on July 27, 2006.[2] In August 2006 Necessary's attorney spoke to a State Farm agent, who advised that the Hofmanns' liability limit at that time was $500,000 rather than $100,000.

Necessary characterizes State Farm's initial representation of the policy limit

---

[2] Necessary recently reached a partial settlement in the lawsuit against the Hofmanns by accepting a $500,000 payment (the corrected limit of the Hofmanns' insurance from State Farm).

3

as an intentional misrepresentation, contending that the policy limit was actually $500,000 when State Farm quoted him $100,000. State Farm maintains that the Hofmanns' policy limit was in fact originally $100,000, but that State Farm later increased the limit to $500,000 to protect the Hofmanns from a coverage gap.

On July 27, 2007 Necessary filed the present action in which he seeks an award of both compensatory and punitive damages from State Farm. As for the former, he points to his litigation costs from the personal injury action against the Hofmanns and to the emotional distress he assertedly experienced as a result of that litigation.

## Jurisdictional Amount in Controversy

Although neither litigant has raised a question as to subject matter jurisdiction, it is of course our independent obligation to inquire into that subject at the outset (see, e.g., *Williams v. United Airlines, Inc.,* 500 F.3d 1019, 1021 (9th Cir. 2007)). Here federal jurisdiction is invoked on diversity grounds, and although there is no question as to the requisite diversity of citizenship, the record does not establish the equally essential over-$75,000 amount in controversy.

Necessary's Amended Complaint, originally filed in Arizona state court, seeks compensatory damages stemming from the now partially settled lawsuit against the Hofmanns plus punitive damages, but it does not quantify those

4

damages.[3]  State Farm's Notice of Removal to the federal court contained only an unsupported conclusion that the amount in controversy exceeds $75,000 based on the allegations in the Amended Complaint.

But despite its having invoked federal jurisdiction in those terms, State Farm's position on the amount in controversy in this action is that Necessarys had to file suit against the Hofmanns ("their only remedy," as State Farm puts it) if they wished to recover damages on their underlying claim, which would in turn negate Necessarys' contention that the need to file that lawsuit was caused by State Farm's asserted misrepresentation.  That issue, like the question whether any material punitive damages award could be anticipated under the same circumstance, is for the district court in the first instance.  In that regard we follow the lead of the Supreme Court in the seminal opinion in *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-90 (1938) that "[t]here is a strong presumption" against removal jurisdiction--that if the complaint does not specify the amount in controversy, the defendant must provide facts to establish jurisdiction by a preponderance of the evidence (*Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992)(per curiam), quoting and adhering to *St. Paul Mercury*).

---

[3]  All that the Amended Complaint asserts is that the amount in controversy meets the jurisdictional requirements for the Superior Court of Arizona, Cochise County--a $1,000 figure (ARIZ. CONST. art. VI, § 14, cl. 3) that of course falls far short of the federally-required amount in controversy.

We therefore remand for a determination as to the presence or absence of subject matter jurisdiction. But because remand is also required on substantive grounds if that question gets an affirmative answer, we go on to those issues rather than forcing a second appeal in that event.

**Transmutation From Rule 12(c) to Rule 56**

Although our partial reversal of summary judgment rests on grounds discussed hereafter, we also note that the district court's conversion of State Farm's Rule 12(c) motion to one granted under Rule 56 has contributed to the necessity for reversal and remand. Rule 12(d) allows for conversion of a Rule 12(c) motion when "matters outside the pleadings are presented to and not excluded by the court." And Necessary can scarcely claim surprise, despite the absence of formal notice as to such conversion,[4] for a party who "submits matters outside the pleadings to the judge and invites consideration of them" has notice of possible conversion (*Grove v. Mead Sch. Dist. No. 354*, 753 F.2d 1528, 1533 (9th Cir. 1985)). Here both Necessary and State Farm attached exhibits to their respective submissions to the district court.

But Rule 12(d) also requires that in the event of conversion the parties must be afforded "a reasonable opportunity to present all the material that is pertinent,"

---

[4] We do not impose a strict requirement of formal notice of conversion by the district court (*Olsen*, 363 F.3d at 922).

and the district court offered scant opportunity on that front--instead it denied the parties' motion for a hearing on the Rule 12(c) motion in the very same order in which it granted summary judgment, and it entered summary judgment before the close of discovery. Although our review would have benefited from further factual development in the district court (see, e.g., *Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*, 662 F.2d 641, 646 (9th Cir. 1981)), we perforce proceed to review the grant of summary judgment on the record before us.

## Common Law Fraud

We conclude that the district court erred in entering summary judgment on Necessary's common law fraud claim. Under Arizona law common law fraud includes these elements (*Echols v. Beauty Built Homes*, 132 Ariz. 498, 500, 647 P.2d 629, 631 (1982))[5]:

---

[5] Because since 1976 the official Arizona Reports (like the Pacific Reporter) have included decisions of the Arizona Court of Appeals as well as of the Arizona Supreme Court, some differentiation as to source is needed to avoid confusion. We have addressed that by including "Ariz. Ct. App." in the citation where the intermediate appellate court is the tribunal involved.

7

(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the right to rely on it; (9) his consequent and proximate injury.

In its order granting summary judgment, the district court incorrectly stated that Necessary "fail[s] to raise any facts to meet" the required elements of fraud. In actuality Necessary proffered evidence going to each of the nine elements: (1) State Farm represented to Necessary that the policy limit was $100,000; (2) that representation was false because the limit was actually $500,000; (3) State Farm's representation was material because it impacted Necessary's efforts to negotiate a settlement; (4) State Farm knew that the policy limit was in reality $500,000, so it knew that its representation was false; (5) State Farm intended that Necessary rely on the representation by settling for $100,000; (6) Necessary did not know the representation was false; (7) Necessary relied on the representation by hiring an attorney and pursuing a lawsuit against the Hofmanns; (8) Necessary's reliance was justified because State Farm was his only source of information about the policy limits; and finally (9) Necessary suffered damages when his claim did not settle quickly (delaying funds needed to pay medical costs and to replace wages) and when he incurred legal costs and experienced emotional distress stemming from his lawsuit against the Hofmanns.

8

Instead of recognizing Necessary's factual showings as to each element and viewing the facts in the light most favorable to him, the district court engaged in improper weighing of the evidence. It credited State Farm's version of events, treating as established truth State Farm's assertion that it did not misrepresent the actual policy limits when it gave Necessary the $100,000 figure and that it revised the limit only later to help the Hofmanns avoid a coverage gap. In accepting State Farm's explanation as true, the district court failed to consider Necessary's point that the explanation could be characterized as a post-hoc rationalization.

On that score, factual questions as to the timing and nature of the operative events are sufficient to preclude summary judgment as to the asserted falsity of State Farm's statements. In that respect a trier of fact could credit Necessary's version of events, which would also support an inference of intent to defraud. Accordingly we reverse and remand the district court's grant of summary judgment on Necessary's common law fraud claim.

**Punitive Damages**

We also conclude that the district court erred in entering summary judgment on the issue of punitive damages simpliciter. Punitive damages are permissible under Arizona law only when a defendant acted with an "evil mind" (*Linthicum v. Nationwide Life Ins. Co.*, 150 Ariz. 326, 331, 723 P.2d 675, 680 (1986)), which is

present (*id*. at 330, 723 P.2d at 679):

> only when the wrongdoer should be consciously aware of the evil of his actions, of the spitefulness of his motives or that his conduct is so outrageous, oppressive or intolerable in that it creates a substantial risk of tremendous harm to others.

In its order granting summary judgment the district court concluded that Necessary's "claim for punitive damages [ ] fails for failure to allege facts that would show State Farm acted with an 'evil hand' or guided by an 'evil mind.'" That may indeed prove to be so when all the factual ballots are in--as for example when the circumstances relating to State Farm's original $100,000-limit representation to Necessary are fully explored. But Necessary contends that at this point, with the presently disclosed facts considered in the light most advantageous to him, State Farm could be found to have carried out a plan to delay settlement negotiations with the intent of "wear[ing] [him] down" and inducing him to accept an insufficient settlement--a plan evidencing the requisite "evil mind."[6]

Below the district court reasoned that "[Necessary's] arguments that an inference of [State Farm's] state of mind may be established by the circumstantial evidence . . . fails to meet the Court's standard," but there is no reason why

---

[6] Necessary's citation to *Pankratz v. Willis*, 155 Ariz. 8, 744 P.2d 1182 (Ariz. Ct. App. 1987) for an asssertedly less demanding standard is inapposite because *Pankratz* involved an award for compensatory and not punitive damages (*id*. at 12, 744 P.2d at 1186).

10

circumstantial evidence is inherently insufficient. Indeed, litigants must often rely on indirect evidence to establish state of mind.[7] Here too Necessary raises a genuine issue of material fact, and we also reverse and remand on the issue of punitive damages.

## Intentional Infliction of Emotional Distress

By contrast, we conclude that Necessary has not raised a genuine issue of material fact as to the intentional infliction of emotional distress claim, which comprises three elements under Arizona law: (1) "extreme" and "outrageous" behavior; (2) intent to cause emotional distress or reckless disregard of the near certainty that such distress will result; and (3) severe emotional distress (*Citizen Publ. Co. v. Miller*, 210 Ariz. 513, 516, 115 P.3d 107, 110 (2005). We hold under the circumstances that no reasonable jury could conclude that State Farm's conduct--assertedly misrepresenting the true policy limits--was "extreme" or "outrageous." Nor could a jury reasonably conclude that Necessary experienced severe emotional distress, given the total absence of supporting evidence (such as medical records) of even ordinary distress. Pleading recitals alone cannot stave off summary judgment (see Rule 56(e)(2)), and Necessary fails as a matter of law on

---

[7] *Linthicum*, 150 Ariz. at 331, 723 P.2d at 675 says expressly that "the necessary 'evil mind' may be inferred."

this aspect of the case.

## Conclusion

To recapitulate, on remand the district court should first resolve the issue as to the jurisdictional amount in controversy and hence the existence or nonexistence of subject matter jurisdiction. If that inquiry leads to an affirmative answer, the district court is directed to turn to Necessary's claim of common law fraud and the issue of punitive damages (as to both of which its grant of summary judgment was in error), but its grant of summary judgment on Necessary's claim of the intentional infliction of emotional distress will remain intact.

Each party to bear its own costs.

**AFFIRMED in part, REVERSED in part and REMANDED.**