**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| TAMI E. HENRY, | No. 13-15139 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01773-FJM |
| v. | |
| UNIVERSAL TECHNICAL INSTITUTE; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted February 18, 2014[**]

Before:     ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Tami E. Henry appeals pro se from the district court's judgment in his action

alleging, among other things, violations of Title VI of the Civil Rights Act of 1964

arising from his experiences as a student at Universal Technical Institute ("UTI").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo both summary judgment and the dismissal of claims. *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009). We may affirm on any ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court properly granted summary judgment on Henry's Title VI claim alleging that UTI did not allow Henry to makeup or retake a test because Henry failed to raise a genuine dispute of material fact as to whether UTI's refusal constituted racial or national origin discrimination. *See Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994) (Title VI requirements), *overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001) (en banc); *see also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011) ("To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations.").

The district court properly dismissed Henry's remaining Title VI claims because Henry failed to allege facts showing that he suffered any injury by the alleged playing of the confederate anthem, or that defendants' other alleged conduct constituted racial or national origin discrimination. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (requirements to establish

13-15139

standing); *Fobbs*, 29 F.3d at 1447 (Title VI requirements).

The district court properly dismissed Henry's Fourteenth Amendment claims because Henry failed to allege facts showing that defendants acted under color of state law. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982) ("Because the [Fourteenth] Amendment is directed at the States, it can be violated only by conduct that may be fairly characterized as 'state action.'").

The district court properly dismissed Henry's claims under the Family Educational Rights and Privacy Act ("FERPA") and 18 U.S.C. § 371 because these statutes do not provide for a private right of action. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 287 (2002) (no private right of action to enforce FERPA); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam) (affirming dismissal of claims brought under criminal provisions that "provide[d] no basis for civil liability").

The district court properly dismissed Henry's 42 U.S.C. § 1985(3) claim because Henry failed to allege facts showing that a discriminatory animus motivated the alleged conspiracy to deprive him of his rights. *See Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (elements of § 1985(3) claim, including racial or other class-based animus).

The district court properly dismissed Henry's Age Discrimination Act claim

because Henry failed to allege facts showing that he complied with the prerequisites to file a claim under the Act. *See* 42 U.S.C. § 6104(e) (prerequisites to bringing a claim under the Age Discrimination Act).

The district court properly dismissed Henry's claim alleging retaliation under the Americans with Disabilities Act because Henry failed to allege facts showing that he was disabled within the meaning of the Act. *See* 42 U.S.C. §§ 12102 (definition of "disability"), 12203 (prohibiting retaliation under the Americans with Disabilities Act).

Dismissal of Henry's Safe Schools Act claim was proper because Henry failed to allege facts showing that UTI is a "local educational agenc[y]." 20 U.S.C. §§ 5962(a)(1), 7801(26)(A).

The district court properly dismissed Henry's state law claims because Henry failed to allege facts showing the required elements. *See Ford v. Revlon, Inc.*, 734 P.2d 580, 585 (Ariz. 1987) (elements of intentional infliction of emotional distress under Arizona law); *Echols v. Beauty Built Homes, Inc.*, 647 P.2d 629, 631 (Ariz. 1982) (elements of fraud under Arizona law); *Johnson v. Davis*, 178 S.W.3d 230, 240 (Tex. App. 2005) (civil assault under Texas law).

The district court did not abuse its discretion by denying Henry's motions to recuse the district court judge, compel discovery, proceed in forma pauperis, or for

default judgment, or by granting defendants' motion for discovery sanctions. *See Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (standard of review for recusal motion); *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1009-10 (9th Cir. 2004) (standard of review for discovery issues, including discovery sanctions); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990) (standard of review for in forma pauperis request); *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth standard of review and factors for determining whether to enter default judgment).

Henry's contention that the district court erred by denying his motion to require the U.S. Attorney General to intervene under Fed. R. Civ. P. 24 is unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Defendants' requests to strike Henry's exhibits that are not part of the district court record, filed on August 29, 2013, September 30, 2013, and January 27, 2014, are granted. Henry's motion for a temporary injunction, filed on January 17, 2014, is denied as moot. All other pending motions and requests are denied.

**AFFIRMED.**