882 P.2d 408

Pearl W. LEE and Young B. Lee,
Plaintiffs–Appellants,

v.

Matthew HODGE and Mary Hodge, hus-
band and wife, dba Autodynamics Body
Shops, Inc.; the Matthew Hodge Corpo-
ration, Defendants–Appellees.

No. CV–93–0312–PR.

Supreme Court of Arizona,
En Banc.

Sept. 29, 1994.

Campana, Vieh & Strohm, P.C. by James E. Vieh and Bernard C. Owens, Phoenix, for plaintiffs-appellants.

Solomon, Relihan & Blake, P.C. by H. Michael Wright, Phoenix for defendants-appellees.

## OPINION

CORCORAN, Justice.

Pearl and Young Lee petitioned this court to review a court of appeals' decision affirming the trial court's ruling excluding evidence of defendant's prior practices of intentionally increasing the costs of repairing his customers' cars. We granted review to determine the admissibility of such evidence in a suit alleging a violation of the Consumer Fraud Act in which plaintiff sought punitive damages. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), and A.R.S. § 12–120.24.

## FACTS AND PROCEDURAL HISTORY

The Lees owned a 1986 Hyundai automobile that was damaged when Mrs. Lee rear-ended another vehicle. Mrs. Lee took the car to Autodynamics Body Shops, Inc.—a corporation owned and operated by Matthew Hodge—on a Friday afternoon. She entered into a written contract with Autodynamics authorizing the repair of the vehicle. Shortly after leaving Autodynamics, Mrs. Lee spoke with Randy McLeod, a representative of her insurer, Farmers Insurance Company. Based on his prior experiences with Hodge, McLeod advised Mrs. Lee to retrieve the car from the body shop.

By Monday morning, the engine had been removed from the car and Hodge refused to release the vehicle until he was paid $1,659.33. Approximately a month later, Hodge released the Lees' car after receiving $2,109.33, which included storage charges. Hodge admits that no repairs had been made to the car while it was at his shop.

The Lees sued Matthew and Mary Hodge for conversion; violation of the Consumer Fraud Act, A.R.S. § 44–1522; and breach of contract.[1] The factual basis for the complaint was the Lees' claim that Hodge removed the engine from their car after being told not to do any work on the car, that Hodge unnecessarily removed the engine to increase the cost of repairing the car, and that Hodge intentionally damaged the Lees' engine.[2] The matter was arbitrated and the

---

1. Although the complaint included other allegations, these were the only claims that went to the jury.

2. Although the allegation that Hodge intentionally damaged their car was not contained in the complaint, the Lees asserted that this factual issue was material to their claim for consumer fraud in their joint pretrial statement. Both parties were aware that this fact was at issue because it was the subject of discovery and pretrial motions in limine. Moreover, evidence showing that the damage to the Lees' car was intentional was introduced without objection. Accordingly, we conclude that this factual issue was tried by the implied consent of the parties. See rule 15(b), Arizona Rules of Civil Procedure.

Lees were awarded compensatory damages of $2,611.41, punitive damages of $15,000, and attorneys' fees and costs. Hodge appealed and the matter was tried before a jury.

At trial, the parties disagreed as to when Mrs. Lee told Hodge to stop work on the car. The Lees claimed that they told Hodge to stop all work on Friday, whereas Hodge claimed that he did not receive the notification until Monday. The parties also disagreed as to the necessity of removing the engine, with the parties presenting conflicting expert testimony on the issue. In addition, the Lees presented uncontroverted testimony that when their car reached the shop that ultimately repaired their car, the engine had sustained damage that would not have been caused by the accident. The damage to the engine included missing carburetor screws, missing vacuum hoses, and torn wiring. One of the Lees' witnesses described the removal of the car's engine as being "done in a very crude, quick and mean manner."

During the trial, the Lees attempted to introduce evidence of prior practices that Hodge used to increase the costs of repairing his customers' cars. Specifically, they sought to introduce testimony by Hodge's former employees about his practice of bribing individuals at Scottsdale Hyundai to get referrals; defrauding his customers by intentionally damaging vehicles; overcharging customers by engaging in double sheeting and by charging customers for new parts when used parts were installed; and automatically and unnecessarily removing the engines from customers' cars. With the exception of the evidence concerning Hodge's practice of automatically and unnecessarily removing the engines of cars brought to his shop for repairs, the trial court refused to admit this evidence because the Lees had not established that Hodge intentionally damaged their car, and because the other acts the Lees alleged against Hodge were not *substantially similar* to the prior bad practices they sought to introduce.

The jury found in favor of Hodge on all counts. The trial court denied Lees' motion for a new trial and ordered the Lees to pay Hodge $28,600 in attorneys' fees and $1,238.99 in costs.

The Lees appealed to the court of appeals, arguing that the trial court erred in excluding the evidence of Hodge's prior fraudulent practices. Despite repeatedly acknowledging that it would have ruled differently, the majority of the court of appeals affirmed the trial court's decision because it concluded that the trial court did not abuse its discretion. The Lees petitioned for review, which we granted.

## DISCUSSION

The only issue on review is whether, in an action alleging a violation of the Consumer Fraud Act and seeking punitive damages, the trial court erroneously excluded evidence of defendant's prior practices of intentionally increasing his customers' auto repair costs because plaintiffs had not proved that defendant deliberately damaged plaintiffs' car and because the prior practices were not sufficiently similar to the allegations in this case.

I. *Requirement that the Lees Prove Intentional Damage Before Allowing the Admission of Prior Acts Evidence*

After introducing testimony that their car's engine was missing carburetor screws, missing vacuum hoses, and had torn wiring when it arrived at the shop that ultimately repaired the car, the Lees tried to introduce evidence that defendant had intentionally damaged other customers' cars to increase repair costs. The court excluded this evidence for two reasons, one of which was that no evidence showed that defendant intentionally damaged the Lees' car. The Lees argue that this ruling was error, and we agree.

The trial court's ruling is contrary to established Arizona precedent. This case is no different from *Correa v. Pecos Valley Dev. Corp.*, in which the court of appeals concluded that a trial court erred in requiring a party "to show a violation of the consumer fraud statute before they could introduce evidence which, if accepted by the jury, would tend to prove that very violation." 126 Ariz. 601, 607, 617 P.2d 767, 773 (App.1980); *see also Dunlap v. Jimmy GMC of Tucson, Inc.*,

136 Ariz. 338, 343, 666 P.2d 83, 88 (App.1983) (allowing evidence of past deceptive sales practices to be used to prove alleged deceptive sales practices). To succeed in their suit, the Lees had to prove that defendant's acts were intentional, and the trial court excluded the very evidence that could help them establish this fact. To exclude evidence on this basis alone was error.

## II. *Admissibility of Prior Acts Evidence*

The trial court also excluded this evidence because it was not substantially similar to the acts currently alleged. The Lees argue that the exclusion of this evidence was prejudicial error.

To find for Hodge in this case, the jury must have concluded that: (1) the engine in the Lees' car needed to be removed, (2) there was a miscommunication between the Lees and Hodge such that Hodge did not receive unequivocal instructions to stop working on the vehicle until after the motor had already been removed, and (3) the damage to the Lees' engine must have been accidental. In this case, the Lees sought to introduce evidence of defendant's prior practices to establish that defendant's actions with respect to the handling of their vehicle were not accidental or the product of a mistake, but instead were the product of defendant's intent to defraud the Lees.

■ As a general rule, evidence that a person committed specific crimes, wrongs, or acts on different occasions is not admissible to prove that person's character as a basis for suggesting that the person acted in accordance with that character on another occasion. *See* rule 404(b), Arizona Rules of Evidence. The rule specifically provides, however, that evidence of other crimes, wrongs, or acts "may ... be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Rule 404(b). Nothing in the rule requires that the prior acts be substantially similar to the subsequently alleged acts. And many jurisdictions, including Arizona, routinely admit evidence of dissimilar prior acts under rule

404(b) (or its equivalent) if the evidence helps prove something other than the person's character and the person's propensity to act in accordance with that character. *See, e.g., Dunlap,* 136 Ariz. at 342–43, 666 P.2d at 87–88 (upholding admission of factually dissimilar sales practices to prove intent and knowledge when both practices involve same sort of act—lining company's pockets by fraudulently inducing customers into contract and then using contract as defense to customer's later complaints); *Jay Edwards, Inc. v. New England Toyota Distrib., Inc.,* 708 F.2d 814, 824 (1st Cir.1983) (upholding admission of prior incidents of "harsh treatment" by car distributor in case alleging distributor "shorted cars" sent to dealer because prior incidents suggested a pattern of retaliatory practices against members of trade association). Any similarity requirement comes from recognition that the evidence of a person's prior acts must be relevant and thus tend to prove some fact material to the case before the court. *See* rule 402, Arizona Rules of Evidence.

Having concluded that the trial court erred in reading into rule 404(b) a requirement that the prior acts be substantially similar to acts subsequently alleged, we now consider each item of evidence that the Lees sought to introduce to determine whether there are some other grounds for upholding the trial court's ruling.

■ We find the 4–part test adopted by the Colorado Supreme Court particularly helpful in analyzing admissibility of prior acts evidence under rule 404(b). *See Boettcher & Co. v. Munson,* 854 P.2d 199 (Colo.1993). Under this test, evidence of other crimes, wrongs, or acts is admissible if: (1) the evidence is related to a material fact, (2) the evidence tends to make the existence of a material fact more or less probable than without the evidence, (3) the material fact that is more or less probable is something other than a party's character and the person's propensity to act in accordance with that character, and (4) the probative value of the evidence substantially outweighs the danger of unfair prejudice.[3] *Boettcher,* 854 P.2d

---

**3.** These factors essentially restate our evidentiary rules. The first two factors refer to the relevancy

at 210; *see also State v. Atwood,* 171 Ariz. 576, 638, 832 P.2d 593, 655 (1992) (discussing admissibility of prior acts evidence under rule 404(b) in criminal case, using same factors but defined in terms of evidentiary rules).

In this case, the Lees wanted to introduce testimony concerning various fraudulent practices to show that Hodge's acts were intentional and not the product of a mistake—a fact material to proving both the underlying claims and the claim for punitive damages. The intent or absence of mistake exception to the general rule is "predicated primarily on a theory of increased probability arising from repetitive actions." *In re Brandon,* 55 N.Y.2d 206, 448 N.Y.S.2d 436, 439, 433 N.E.2d 501, 504 (1982). "[T]he successive repetition of similar acts tends to reduce the likelihood of the actor's innocent intent [or mistake] on the particular occasion in question." *Brandon,* 448 N.Y.S.2d at 439, 433 N.E.2d at 504. Thus, to establish intent or absence of mistake in this case, the prior acts must be similar to the alleged acts.

The question becomes: How similar? According to one distinguished commentator who discusses the use of prior acts to prove intent or absence of mistake:

> [T]he mere prior occurrence of an act similar in its gross features—i.e., the same doer, and the same sort of act, but not necessarily the same mode of acting nor the same sufferer—may suffice for that purpose.

2 John Henry Wigmore, *Evidence* § 304, at 251 (Chadbourn rev. 1979) (distinguishing between degree of similarity required when introducing evidence of common plan or scheme to prove occurrence of act and degree of similarity required when trying to prove intent or absence of mistake).

■ To show that Hodge intentionally damaged their car, the Lees wanted to introduce evidence that he intentionally ran another customer's car into a wall, intentionally broke the headlights and turning signals on several of his customers' cars, and intention-

ally slammed the doors of his customers' cars on steel bars. All of these prior acts involved the same "gross features"—that is, all were committed by the "same doer" and all involve the same type of act, although not necessarily the same method of acting. *See* Wigmore, at 251. These prior acts were committed either by or at the direction of defendant. All of the acts involved intentional acts of damage to customers' cars. And, we agree with Judge Kleinschmidt's dissent in the court of appeals:

> There are a myriad of ways to damage an automobile, and it detracts not at all from the point to be proved that sometimes the defendant achieved his goal by deliberately running a car into a wall or slamming the doors of a car on steel bars and that other times he achieved it by crudely ripping out a motor.

*Lee v. Hodge,* Memorandum Decision, at 14.

Not only is this evidence related to a material fact, but it also makes more or less probable something other than the fact that Hodge has a certain character and acted in accordance with that character. If believed, the evidence helps prove that Hodge's actions were intentional and not the result of a mistake because the laws of probability suggest that the repetition of these "bad acts" diminishes the likelihood that the alleged act was accidental. Having satisfied the first 3 factors in the 4–part test, we now consider the last factor—whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice.

■ The evidence of Hodge's prior practices of intentionally damaging his customers' cars is highly probative on the issue of whether the damage to the engine in the Lees' car was done intentionally, not accidentally. In fact, we can think of little other evidence that would help the Lees prove this fact, which is critical to the success of their claim. Moreover, although this evidence might hurt Hodge's case, we find that its admission presents minimal risk of unfair

requirements set forth in rule 401, Arizona Rules of Evidence. The third factor refers to the purposes for which evidence of prior acts may be properly admitted under rule 404. The fourth

factor refers to the requirement in rule 403 that the probative value of the prior bad acts substantially outweighs the danger of unfair prejudice.

prejudice.[4] Accordingly, we find that the trial court erred in not admitting this evidence.

■ The Lees also object to the trial court's exclusion of evidence that Hodge bribed a local dealership for referrals and regularly overcharged customers by engaging in double sheeting and charging for new parts despite installing used parts. The Lees wanted to use this evidence to show Hodge's general intent to defraud his customers, including the Lees. Given the dissimilarity between the acts sought to be introduced and the acts currently alleged, we cannot say that the judge abused his discretion by excluding this evidence.

The judge excluded this evidence of Hodge's prior bad acts because they were not substantially similar to the acts sought to be introduced. Although we do not require an exact, or even substantial, similarity between the prior acts sought to be introduced and the acts currently alleged, there must be enough of a relationship between the two such that the evidence of the prior acts helps prove a material fact in the case. And, the material fact to be proved must be other than a person's character and the person's propensity to act in accordance with that character.

Because of the substantial dissimilarity between Hodge's past acts of defrauding customers through overbilling and bribing dealers for referrals and the acts alleged in this case, the trial court could have concluded that the evidence of Hodge's prior bad acts proved only that Hodge was dishonest and that he likely acted in conformity with this character in dealing with the Lees. Thus, the judge could have concluded, without abusing his discretion, that the introduction of this evidence violated rule 404(b)'s prohibition against using prior bad acts to prove a person's character and that the person acted in conformity with that character. Accordingly, we find that the trial court did not err in excluding this evidence.

4. "[N]ot all harmful evidence is unfairly prejudicial.... [E]vidence which is relevant and material will generally be adverse to the opponent." State v. Schurz, 176 Ariz. 46, 52, 859 P.2d 156, 162 (1993). Unfair prejudice "means an undue

## DISPOSITION

Having found that the trial court erred in excluding testimony concerning incidents in which defendant intentionally damaged his customers' cars, we reverse and remand for a new trial consistent with this opinion.

FELDMAN, C.J., and MOELLER, V.C.J., and ZLAKET, J., concur.

MARTONE, Justice, specially concurring.

I agree with the court, but would go further and admit evidence of bribery, overcharging and fraud, the exclusion of which the court upholds at the very end of its opinion. Ante, at 412–413.

The court characterizes the evidence of other frauds as substantially dissimilar and possibly offered to prove character rather than intent. This is a case of consumer fraud in which the plaintiff seeks punitive damages. To prove punitive damages the "plaintiff must prove that defendant's evil hand was guided by an evil mind." Rawlings v. Apodaca, 151 Ariz. 149, 162, 726 P.2d 565, 578 (1986). Any similarity requirement is, as the court notes, a question of relevance under Rule 401, and not some independent requirement under Rule 404(b). This is especially true in cases of fraud, where other frauds are admissible. McCormick on Evidence § 197 at 836 (4th ed. 1992) ("When other misrepresentations are used to show intent or knowledge, they need not be identical nor made under precisely the same circumstances as the one in issue."). See In re Brandon, 55 N.Y.2d 206, 448 N.Y.S.2d 436, 439, 433 N.E.2d 501, 504 (1982) (noting the failure of some courts to distinguish between the weak similarity requirement of the intent exception from the strong similarity requirement of the common plan exception).

Thus, evidence of Hodge's fraud was not being offered to prove his character, which was not an issue, but was being offered to show his intent, knowledge, and his evil

tendency to suggest decision on an improper basis, such as emotion, sympathy or horror." Schurz, 176 Ariz. at 52, 859 P.2d at 162, citing Fed.R.Evid. 403, Advisory Committee Note.

mind. Our own court of appeals has acknowledged that a merchant's past deceptive sales practices are relevant to both the issue of whether a merchant is currently involved in deceptive sales practices, and to the issue of punitive damages. *Dunlap v. Jimmy GMC of Tucson, Inc.,* 136 Ariz. 338, 343, 666 P.2d 83, 88 (App.1983).

What then would be examples of prior bad acts that would not be relevant and would be offered to prove the bad character of the defendant? I submit that a prior bad act wholly unrelated to the business practices of the defendant would be properly excluded. This would include such things as drunkenness or prostitution, acts wholly unrelated to the intent underlying consumer fraud.

Perhaps on remand, in light of our opinion today, the trial judge will make a different discretionary call about this evidence and admit it. I read the majority's opinion as suggesting that it is within the court's discretion to do so.