NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

THERON I. FLEMING, *Plaintiff/Appellee/Cross-Appellant*,

*v.*

FRIPPS MOHAVE LAND, LLC, *Defendant/Appellant/Cross-Appellee*

No. 1 CA-CV 23-0022
FILED 11-2-2023

Appeal from the Superior Court in Mohave County
No. S8015CV202100708
The Honorable Lee Frank Jantzen, Judge

**APPEAL DISMISSED IN PART;
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

COUNSEL

Law Offices of Frederick E. Kearns, Kingman
By Frederick E. Kearns
*Counsel for Plaintiff/Appellee/Cross-Appellant*

The Kozub Law Group, PLC, Scottsdale
By Richard W. Hundley
*Counsel for Defendant/Appellant/Cross-Appellee*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Anni Hill Foster joined.

---

**C A T T A N I**, Judge:

¶1        Fripps Mohave Land, LLC ("Land") appeals the superior court's judgment against it on several contract claims brought by Theron I. Fleming.  Fleming cross-appeals from the judgment against him on his claims for fraud.  For reasons that follow, we dismiss the cross-appeal as it relates to any defendants other than Land.  We reverse the judgment entered against Land, and affirm the superior court's ruling rejecting Fleming's fraud claims.

## FACTS AND PROCEDURAL BACKGROUND

¶2        George Ripps is a home builder and land developer in Mohave County.  He is the manager and a member of Fripps Mohave Construction, LLC ("Construction"), which builds homes; a manager and a member of Land, which owns land; and a manager of RIPPCO, LLC, which owns lots in a particular area.

¶3        Fleming loaned $40,000 to Ripps and Construction in 2016, then another $40,000 in 2018.  The parties did not initially execute promissory notes, but Ripps provided Fleming a series of deeds of trust as security.  None of the deeds of trust were notarized as required by law.  And although the deeds of trust were signed by Ripps and listed Construction as trustor, they purported to encumber property owned by either Land (the first three deeds of trust) or RIPPCO (the fourth unreleased deed of trust).

¶4        Additionally, in 2018, Construction and Ripps executed a promissory note in favor of Fleming for approximately $9,300 for work performed by Fleming.  Later, in 2019, at Fleming's insistence, Ripps and Construction executed promissory notes (prepared by Fleming's counsel and backdated to the dates of the loans) evidencing the two $40,000 loans.

¶5        When Ripps and Construction failed to pay on the loans, Fleming sued.  Fleming's operative complaint against Ripps (and his marital community), Construction, RIPPCO, and Land (collectively, "Defendants") alleged ten unjust enrichment-type claims, three breach of

contract claims (one for each promissory note), and three fraud claims (premised on defects in the deeds of trust), each asserted against all Defendants. The Defendants moved for partial summary judgment, requesting dismissal of (1) all unjust enrichment-type claims as to all Defendants, (2) all fraud claims as to all Defendants, and (3) all claims against Land and RIPPCO. At oral argument on the motion, Fleming agreed to dismiss the unjust enrichment-type claims in their entirety and to dismiss the contract claims as to Land and RIPPCO. The court ultimately ruled consistently with Fleming's concession, dismissing the unjust enrichment-type claims and limiting the contract claims to those against Ripps and Construction only (not against Land and RIPPCO, who were not parties to the contracts). The court denied summary judgment on the fraud claims. This ruling left only the contract claims on each note (against Ripps and Construction) and the fraud claims (against all Defendants) for trial.

¶6        Ripps, Fleming, and two other witnesses involved with Ripps's business dealings testified at the bench trial that followed. Although the Defendants contested the fraud claims, they conceded that Fleming was entitled to judgment on the notes against Ripps and Construction.

¶7        The superior court found Ripps (and his marital community) and Construction liable on the debts evidenced by the three promissory notes—and the court also held Land liable on the notes. The court noted that Land was the owner of the three pieces of property that were "subject to the loans" when Construction issued the deeds of trust. Citing Ripps's testimony that, because he owned both companies, his practice was to issue deeds of trust in Construction's name even when Land owned the property to be encumbered, the court reasoned that Land should also be held responsible for repaying the loans given Ripps's "unusual process."

¶8        The court ruled against Fleming on his fraud claims. The court acknowledged substantial evidence that Ripps routinely issued unnotarized (and thus technically unenforceable) deeds of trust in the name of a company that did not own the land to be encumbered, which the court characterized as "strange and disconcerting." But the court concluded that "[f]raud requires more than just doing things wrong, even knowingly" and specifically flagged the additional elements of "intent to deceive, . . . reliance on the deception and, ultimately, some loss or damages because of the deception." After noting that Ripps did not attempt to use the flaws in the deeds of trust to avoid the debt when confronted by Fleming, the court found no fraud "based on the lack of loss of money."

¶9          The superior court also awarded Fleming attorney's fees and costs against all Defendants found liable on the notes.  After the court entered final judgment, Land appealed and Fleming cross-appealed.

## DISCUSSION

### I.          Appellate Jurisdiction.

¶10          Preliminarily, Land asserts—and Fleming appears to agree—that we have appellate jurisdiction over Fleming's cross-appeal only as to Land, not any other Defendant.  By statute, we have appellate jurisdiction over appeals taken from the superior court's final judgment.  A.R.S. § 12-2101(A)(1).  An appellant must file a notice of appeal "no later than 30 days" after judgment is entered.  ARCAP 9(a).  An opposing party may file a notice of cross-appeal within the later of "20 days after appellant's filing of a notice of appeal, or 30 days after entry of the judgment."  ARCAP 9(b).  But a timely cross-appeal filed more than 30 days after judgment may only be directed against the appellant, not other parties that opted not to appeal.  *Maxwell v. Aetna Life Ins. Co.*, 128 Ariz. 350, 352–53 (App. 1981).  We lack jurisdiction to consider untimely appeals.  *See* ARCAP 9(a); *Edwards v. Young*, 107 Ariz. 283, 284 (1971); *Focal Point, Inc. v. U-Haul Co. of Ariz.*, 155 Ariz. 318, 319 n.1 (App. 1986) (untimely cross-appeal).

¶11          Here, Land (but no other Defendant) filed its notice of appeal 27 days after the superior court entered final judgment.  Fleming filed his notice of cross-appeal naming all Defendants (not just Land) 19 days after Land's notice, but 46 days after judgment was entered.  Land's appeal was timely under ARCAP 9(a), and Fleming's cross-appeal was timely as to Land under ARCAP 9(b).  But because Fleming's cross-appeal was filed more than 30 days after judgment, we only have jurisdiction over the cross-appeal as it relates to Land and not as to the other Defendants.  *See Maxwell*, 128 Ariz. at 352–53.  Although Fleming asserts that we should consider his cross-appeal as to all Defendants because all are necessary parties and all are represented by the same attorney (and thus received contemporaneous notice of his cross-appeal), he provides no legal authority authorizing our jurisdiction despite an untimely appeal.

¶12          Accordingly, we have jurisdiction over Land's appeal and Fleming's cross-appeal as to Land under A.R.S. § 12-2101(A)(1).  We lack jurisdiction over Fleming's cross-appeal as to the other Defendants and thus dismiss the cross-appeal to that extent.

## II.    Land's Appeal.

**¶13**        Land argues that, having dismissed the contract (and all other non-fraud) claims as against Land and having found no fraud, the superior court erred by holding Land liable on the promissory notes.  On review after a bench trial, we defer to the superior court's factual findings unless clearly erroneous and will affirm provided reasonable evidence supports the judgment.  *Spaulding v. Pouliot*, 218 Ariz. 196, 199, ¶ 8 (App. 2008).  We review de novo, however, any questions of law, including the court's legal conclusions based on its findings of fact.  *Castro v. Ballesteros-Suarez*, 222 Ariz. 48, 52, ¶ 12 (App. 2009).

**¶14**        Before trial, and with Fleming's agreement, the superior court granted Land summary judgment on Fleming's contract claims for the debt evidenced by the promissory notes because Land was not a party to the notes, as well as on Fleming's unjust enrichment-type claims.  In its ruling after trial, however, the court found Land "also responsible for the unpaid loans" because of Ripps's "unusual process" of extending deeds of trust in Construction's name but applicable to property owned by Land.

**¶15**        Land, however, is a separate entity.  The court acknowledged as much before trial when granting Land summary judgment on the contract claims as one of the "nonparties that are not parties to the Contract."  Although there are legal theories under which one party's liability may be attributed to a third party, Fleming never pursued any such theory in superior court.  As Land points out, Fleming never raised theories such as alter ego, corporate veil-piercing, or successor liability to extend liability beyond the parties to the notes.  *See generally Dietel v. Day*, 16 Ariz. App. 206 (1972) (discussing alter ego and corporate veil-piercing); *A.R. Teeters & Assocs., Inc. v. Eastman Kodak Co.*, 172 Ariz. 324, 329–30 (App. 1992) (discussing successor liability in Arizona).

**¶16**        Fleming—for the first time in his cross-reply brief—asserts that Land may be liable as an intended beneficiary of the contracts.  But he waived any such argument by (1) abandoning any unjust enrichment-type claim premised on Land receiving the loan proceeds before trial, (2) presenting no such evidence at trial, and (3) failing to raise the argument until his reply brief on appeal.  *See Englert v. Carondelet Health Network*, 199 Ariz. 21, 26, ¶ 13 (App. 2000); *Dawson v. Withycombe*, 216 Ariz. 84, 111, ¶ 91 (App. 2007); *see also* ARCAP 13(c).  And although Fleming urges that judgment against Land was proper because Construction is judgment-proof, he offers no legal basis for extending liability to a separate entity merely because a wrongdoer lacks sufficient assets to satisfy a judgment.

Ultimately, although Fleming has secured a judgment against Ripps, that judgment does not extend to other entities Ripps owns.

¶17        At trial, the only claims remaining against Land were for alleged fraud, and the superior court ruled against Fleming on those claims. Absent a viable legal basis to extend liability to Land, the superior court erred by holding Land responsible for repayment of Construction's and Ripps's debts evidenced by Construction's and Ripps's promissory notes. Accordingly, we reverse the judgment as against Land (necessarily including Land's liability for the attorney's fees award as well) and remand for entry of judgment consistent with this decision.

## III.    Fleming's Cross-Appeal.

¶18        Fleming cross-appeals the superior court's finding that he failed to prove fraud, asserting that the court erred in evaluating both the law and the facts.   He further argues that the court erred in various discovery and evidentiary rulings and other matters.  As described above, our review is limited to Fleming's arguments as to Land only. *See supra* ¶¶ 10–12.

### A.    Fraud as against Land.

¶19        In ruling on Fleming's fraud claims after the bench trial, the superior court found Fleming had proven (and Ripps had acknowledged) Ripps's "incorrect practices" in routinely issuing unnotarized deeds of trust in the name of a company that did not own the land to be encumbered.  But the court found that proof of this wrongful conduct did not suffice to prove fraud absent "some intent to deceive, some reliance on the deception and, ultimately, some loss or damages because of the deception."  Noting that Ripps did not attempt to use the flawed deeds of trust to avoid the debt when pressed by Fleming, as well as Ripps's testimony that he did not know the practices were wrong, the court found no fraud "based on the lack of loss of money."  In this context, we review de novo the court's legal conclusions and any other questions of law. *Castro*, 222 Ariz. at 52, ¶ 12. We defer to the superior court's factual findings provided substantial evidence supports them, even in the face of substantial conflicting evidence. *Id.* at 51–52, ¶ 11.

¶20        Fleming asserts the superior court "recognize[d] the fraud was there" but erroneously ruled against him based solely on "the lack of loss of money," instead of considering loss of expected security as cognizable damages.  As Fleming acknowledges, a fraud claim requires proof, by clear and convincing evidence, of nine elements:

(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the right to rely on it; (9) his consequent and proximate injury.

*Echols v. Beauty Built Homes*, 132 Ariz. 498, 500 (1982); *see also Comerica Bank v. Mahmoodi*, 224 Ariz. 289, 291–92, ¶ 14 (App. 2010). The "consequent and proximate injury" element requires proof of some pecuniary loss. *Echols*, 132 Ariz. at 501; *see also Aaron v. Fromkin*, 196 Ariz. 224, 227, ¶ 13 (App. 2000).

**¶21** Although Fleming argues the superior court erred by requiring proof of monetary loss, damages are a required element of a fraud claim. *Echols*, 132 Ariz. at 501. Even if a detrimental change in position (like loss of a security interest) could, in principle, be the basis for the measure of damages, such harm must nevertheless be proven. And here, Fleming's only claim for actual damages due to alleged fraud was the amount owed under the notes, not some undefined measure of lost priority in collateral. Fleming's counsel confirmed as much at trial when asked to describe the damages sought for fraud: "The damages are simple, because the damage is he didn't pay what [Fleming] was owed."

**¶22** Moreover, the superior court's ruling is not as narrow as Fleming posits. Although the court concluded that Fleming failed to prove damages, the court further noted that Fleming had not proved "some intent to deceive, some reliance on the deception." The record supports this assessment. Ripps testified he thought his practice in issuing deeds of trust was viable, and, when Fleming questioned that practice, Ripps agreed to retroactively enter promissory notes evidencing the debts and offered to correct the defective deeds of trust. Although Fleming initially testified that he relied on Ripps's experience with deeds of trust, he later admitted he did not rely on the contents of the notes (entered retroactively in 2019) when extending the loans in 2016 and 2018.

**¶23** Furthermore, none of that evidence implicated Land specifically (as opposed to Ripps, or Ripps acting on behalf of Construction), and only Fleming's claims as to Land are properly before us. *See supra* ¶¶ 10–12. Fleming now asserts Ripps was acting in his capacity as manager of Land, *see* A.R.S. § 29-3301(B)(2)–(3), or that Land and Ripps were acting in concert, rendering Land liable for Ripps's fraud. But Fleming did not timely appeal the judgment as to Ripps, so the court's ruling that

Ripps was not liable for fraud remains in effect. Fleming thus cannot rely on Ripps's (non-existent) liability for fraud as a basis to hold Land liable. And although the parties did not dispute that Ripps was a manager of Land (as well as several other entities), Fleming did not present evidence that Ripps acted on behalf of Land—as opposed to on behalf of Construction, the actual signatory of the notes.

¶24 Fleming further argues that the court erred by declining to award him punitive damages. But punitive damages may be awarded only if a plaintiff proves fraud, including actual damages. *Echols*, 132 Ariz. at 501; *Edmond v. Fairfield Sunrise Vill., Inc.*, 132 Ariz. 142, 144 (App. 1982). Accordingly, because Fleming did not prove fraud, his claim for punitive damages likewise fails.

## B.    Other Arguments.

¶25 Fleming asserts several other claims of error that lie beyond the proper scope of the cross-appeal. First, Fleming urges that the superior court erred by denying his request for production—directed only to Ripps and Construction, not Land—seeking bank records to trace the loan funds. Because this argument does not implicate Land, it falls beyond our jurisdiction over the cross-appeal.

¶26 Second, Fleming contends the superior court erred by precluding several witnesses he proffered who had personal experience with Ripps's practice (issuing unnotarized deeds of trust naming Construction but purporting to encumber properties owned by a different entity), testimony that he urges should have been admissible as other-act evidence. *See* Ariz. R. Evid. 404(b). But the court permitted Fleming to present testimony from two of these witnesses, and the court may permissibly preclude cumulative evidence. *See* Ariz. R. Evid. 403; *see also Lee v. Hodge*, 180 Ariz. 97, 100 (1994) (incorporating Rule 403 balancing in Rule 404(b) analysis). In any event, the proffered testimony would have addressed Ripps's business practices, but not any actions by or for Land. Accordingly, this argument, too, falls beyond the limited scope of Fleming's cross-appeal.

¶27 Finally, in an apparent rejoinder to an argument pressed by Ripps and Construction before the superior court, Fleming asserts that Ripps cannot escape his fraudulent conduct by relying on A.R.S. § 33-411(c) (2019), which cures a deed of trust's defective acknowledgement after it is recorded for one year. But again, this argument is directed to Ripps's conduct and deeds of trust in Construction's name. Because it does not

implicate the claims as against Land, it falls outside the scope of the cross-appeal.

## IV.     Attorney's Fees.

**¶28**          Land requests attorney's fees and costs on appeal pursuant to A.R.S. § 12-341.01.  Fleming also requests attorney's fees and costs on appeal under A.R.S. §§ 12-341 and -341.01.

**¶29**          We must award taxable costs to "[t]he successful party to a civil action" under A.R.S. § 12-341, and we have discretion to award attorney's fees to the successful party in a contested matter arising out of contract.  A.R.S. § 12-341.01.  Because Land is the successful party on appeal, we award Land its costs upon compliance with ARCAP 21.

**¶30**          Fleming contends that Land is not entitled to attorney's fees under § 12-341.01 because Land denied being a party to the contract at issue.  Although we may not award fees whenever a case simply involves a contract, *Dooley v. O'Brien*, 226 Ariz. 149, 152, ¶ 11 (App. 2010), we "look to the fundamental nature of the action" to determine whether an action arises out of contract.  *Ramsey Air Meds, L.L.C. v. Cutter Aviation, Inc.*, 198 Ariz. 10, 15, ¶ 27 (App. 2000).  And where a breached duty would not exist "but for" the contract, then breach of express covenants or those implied from them sounds in contract.  *Barmat v. John and Jane Doe Partners A–D*, 155 Ariz. 519, 523 (1987).

**¶31**          Fleming cites no authority supporting his assertion that Land should be precluded from recovering attorney's fees under A.R.S. § 12-341.01(A) because it denies being a party to the contracts—here, deeds of trust and promissory notes.  More importantly, this case does not simply involve a contract.  Rather, Fleming asserted that he entered into these contracts because he relied on defendants' misrepresentations.  Thus, Fleming's fraud claims would not exist but for the deeds of trust.  *See McAlister v. Citibank*, 171 Ariz. 207 (App. 1992) (holding that a case arose out of contract under § 12-341.01 where a party alleged fraud claims resulting from a breach of contract to loan money).  Therefore, we award Land attorney's fees under § 12-341.01(A).

**¶32**          Finally, Ripps (and his marital community), Construction, and RIPPCO seek to recover attorney's fees and costs under A.R.S. §§ 12-341 and -341.01 for Fleming's attempt to include them in his cross-appeal.  Because the cross-appeal as to these defendants was untimely, we also grant their request for attorney's fees and costs.

**CONCLUSION**

**¶33** We affirm the superior court's finding of no fraud. We reverse, however, the superior court's judgment against Land and remand for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED: AA